IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

JAMIE L. HARMON, )
 )
    Plaintiff, )    Civil Action No.
 )
v. )    00-AR-1277-S
 )
BAY SPRINGS RESTAURANT )
AND MARINA, INC., et al., )
 )
    Defendants. )

FILED
00 SEP 26 PM 2:51
N.D. OF ALABAMA

ENTERED
SEP 26 2000

### MEMORANDUM OPINION

    Before the court is defendants' motion to dismiss which was converted into a motion for summary judgment. Plaintiff, Jamie L. Harmon ("Harmon"), claims that defendant, Bay Springs Restaurant and Marina, Inc. ("Bay Springs"), violated her rights under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq. She posits pendent jurisdiction over state law claims against Bay Springs and the other defendant, Jack Jones ("Jones"), on the federal question jurisdiction arising from her Title VII claim.

    Whether Bay Springs constitutes an "employer" within the definition of Title VII is the threshold issue that defendants contend is dispositive of the case. Virgo v. Riviera Beach Associates, Ltd., 30 F.3d 1350, 1359 (11th Cir. 1994). Unless Bay Springs was an "employer", Title VII is inapplicable, and the court



lacks subject matter jurisdiction over any of Harmon's claims. 42 U.S.C. § 2000e(b); <u>Scarfo v. Ginsburg</u>, 175 F.3d 957, 961 (11th Cir. 1999). The determination of this jurisdictional question in favor of Bay Springs will moot all other pending motions. For the reasons set forth in the opinion below, defendants' motion is due to be granted.

### Summary Judgment Standard

Rule 56(c), F.R.Civ.P. provides that summary judgment shall be granted if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The Supreme Court has emphasized that this language means exactly what it says: there must be a <u>genuine</u> issue of <u>material</u> fact, not merely some factual dispute. See <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 247-248, 106 S.Ct. 2505, 2510 (1986). What this standard means in practice is that "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." <u>Anderson</u>, 477 U.S. at 249, 106 S.Ct. at 2511 (citing <u>First National Bank of Arizona v. Cities Service Co.</u>, 391 U.S. 253, 88 S.Ct. 1575 (1968)).

On a defendant's motion for summary judgment, the court must

look at the evidence, construed in plaintiff's favor, to see if a jury could return a verdict for plaintiff. If so, defendant's motion for summary judgment must be denied. If, however, there is no legitimate basis upon which a jury could return a verdict for plaintiff, defendant's motion must be granted.

### Discussion

Title VII only applies to an employer who "has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year." 42 U.S.C. § 2000e(b). Bay Springs says that it does not meet this definition because, "[i]t did not employ 15 persons during the calendar years of 1998 and 1999, which were the last two years in which the plaintiff worked for Bay Springs." Def.'s Mot. to Dismiss ¶ 2. Harmon, on the other hand, necessarily contends that Bay Springs did have "15 or more employees for 24 weeks during the calendar year 1999, the year the discrimination occurred." Pl.'s Resp. to Def.'s Mot. to Dismiss ¶ 34.

Jurisdiction depends upon the combined significances of Bay Springs' 1999 handwritten payroll records, Bay Springs' quarterly contribution reports submitted to the State of Alabama for the years 1996 through 1999, the employee list provided by Bay Springs

3

and the deposition testimony of Bay Springs' corporate representative. According to Harmon, there are discrepancies between the number of employees included on Bay Spring's handwritten payroll records, the number of employees included on its quarterly contribution reports, and the list of employees provided by Bay Springs. For example, Harmon argues that according to Bay Springs' payroll records, seven individuals were employed during the week of December 24-31, 1999, whereas according to the contribution reports and the list of employees, an additional eight employees were also working at that time. Pl.'s Resp. to Def.'s Mot. to Dismiss ¶ 33. Harmon would have the court conclude from this, or to allow a jury to conclude from this, that Bay Springs employed a total of fifteen or more employees during that particular week (as well as for the requisite 20 weeks), and therefore that Bay Springs was an "employer" within the meaning of Title VII.

## ANALYSIS

The Supreme Court in <u>Walters v. Metropolitan Educational Enterprises, Inc.</u>, 519 U.S. 202, 207-208, 117 S.Ct. 660, 664 (1997), made clear that the correct method of calculating the number of employees that an employer has for any given day is

through the payroll method: "an employer 'has' an employee if he maintains an employment relationship with that individual . . . " and that an employment relationship is most readily demonstrated by an individual's "appearance on an employer's payroll."

In <u>McLeod v. City of Newton</u>, 931 F. Supp. 817, 821 (M.D. Ala 1996), the Middle District of Alabama correctly applied this principle by holding that "an employee must be *on the payroll* for each working day of the week in order to count towards the fifteen required" (emphasis supplied) and that "employees who are hired, fired or quit midweek are not counted for the week." The court further explained that, "[it] need only inquire into payroll records and dates of employment to determine if an employer qualifies, and need not undertake a lengthy investigation of the daily timecards . . . This interpretation also minimizes the concern . . . that employers can manipulate their employees' schedules in order to avoid Title VII coverage." This approach "is meant to recognize the existence of regular employer-employee relationships." <u>Edwards v. Esau Investments, Inc.</u>, 1994 WL 606073, at * 4; 1994 U.S. Dist. LEXIS 15960, at *13 (D. Kan. Oct. 31, 1994).

This court concludes that the handwritten payroll records

5

constitute irrefutable proof of the actual number of employees working at Bay Springs during the relevant time period. Bay Springs' quarterly contribution reports only provide information on a quarterly rather than weekly basis. Harmon asks this court to allow a jury to include individuals who are listed in the quarterly contribution report as "employees" at times when said individuals no longer worked for Bay Springs. Harmon has stretched the number of employees beyond the rational by combining the number of employees on the weekly payroll records with the number of employees listed on the quarterly contribution reports. It was a nice try, but Harmon's innovative arithmetic does not hold up under analysis.

For example, according to the handwritten payroll records, during the week of February 19-26, 1999, Bay Springs employed eleven people. According to Harmon's calculations Bay Springs employed fifteen people during that same week. Harmon reached this figure by adding the four individuals listed on the quarterly contribution report who were not included in the handwritten payroll records. Yet, there is no concrete evidence that these four people worked at Bay Springs during the week of February 19-26, 1999. Not only did these four individuals not earn any income

at Bay Springs during the first quarter of 1999, but these four individuals most likely worked at Bay Springs during 1997 or 1998.

It is undisputed that certain individuals who were no longer employed were included in a quarterly contribution report. Bay Springs reported $0.00 in wages for each of these individuals on its quarterly contribution report. This does not create a real dispute of fact. Bay Springs' corporate representative testified that these individuals were listed in the report only because they never cashed their paychecks. Depo. of Bay Springs' Corp. Repr. at p. 73. Harmon cannot ask a jury to include these individuals as employees. Harmon's argument that because the four people were listed on the quarterly report, they must have worked at Bay Springs during the week of February 19-26, 1999 is wishful thinking. It may muddy the water, but the mud settles out when the stirring stops.

### CONCLUSION

The number of employees working at Bay Springs during the relevant period is, as a matter of law, less than the fifteen required by Title VII. Therefore, Bay Springs does not fall within the definition of an "employer" under Title VII. A separate and appropriate order will be entered.

DONE this 26th day of September, 2000

                                         /s/ William M. Acker, Jr.
                                    WILLIAM M. ACKER, JR.
                                    UNITED STATES DISTRICT JUDGE